**CT Corporation**

**Service of Process Transmittal**
04/01/2015
CT Log Number 526865834

**TO:**  Kevin King
Turner Construction Company
3 Paragon Dr Ste 1
Montvale, NJ 07645-1783

**RE:**  **Process Served in Oregon**

**FOR:**  Turner Construction Company (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Alliance Industrial Group, Inc., etc., Pltf. vs. Turner Construction Company, etc. and Mutual Insurance Company, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Washington County Circuit Court, OR<br>Case # C151370CV |
| **NATURE OF ACTION:** | Foreclosure Litigation - Lien – 2501 NW 229th Avenue, Hillsboro, Oregon 97124-5503 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Salem, OR |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/01/2015 at 12:15 |
| **JURISDICTION SERVED :** | Oregon |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of service of this summons upon you |
| **ATTORNEY(S) / SENDER(S):** | Jan D. Sokol<br>Stewart Sokol & Larkin LLC<br>2300 SW First Avenue<br>Suite 200<br>Portland, OR 97201-5047<br>503-221-0699 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/02/2015, Expected Purge Date: 04/07/2015<br>Image SOP<br>Email Notification, Kevin King kking@tcco.com<br>Email Notification, Tom Godsey twgodsey@tcco.com<br>Email Notification, Robbie Vargo rvargo@tcco.com<br>Email Notification, Jennifer Tancredi jtancredi@tcco.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>388 State St., Suite 420<br>Salem, OR 97301<br>503-566-6883 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**
**FOR THE COUNTY OF WASHINGTON**

ALLIANCE INDUSTRIAL GROUP, INC., an
Oregon corporation,

                Plaintiff,

      v.

TURNER CONSTRUCTION COMPANY, a New
York corporation; LIBERTY MUTUTAL
INSURANCE COMPANY, a Massachusetts
corporation,

                Defendants.

Case No. C151370CV

**SUMMONS**

**TO:**    **Turner Construction Company**
**c/o CT Corporation System**
**388 State St., Suite 420**
**Salem, OR 97301**

You are hereby required to appear and defend the Complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the court for relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

    If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.osbar.org or by calling (503) 684-3763 in the Portland area or toll-free at (800) 452-7636.

Jan D. Sokol, OSB #780873
jdsokol@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Phone: (503) 221-0699

Trial Attorney: Jan D. Sokol, OSB #780873

STATE OF OREGON    )
                  ) ss.
County of Multnomah  )

    I, the undersigned attorney of record for Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

JAN D. SOKOL, OSB #780873
OF ATTORNEYS FOR PLAINTIFF

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this Summons, together with a true copy of the Complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this Summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

JAN D. SOKOL, OSB #780873
OF ATTORNEYS FOR PLAINTIFF



2015 MAR 27 PM 3: 39

1

2

3

4

5

6

7                    IN THE CIRCUIT COURT FOR THE STATE OF OREGON

8                       IN AND FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| 9   ALLIANCE INDUSTRIAL GROUP, INC.,<br>10   an Oregon corporation, | Case No. C151370CV |
| 11               Plaintiff, | **COMPLAINT** |
| 12     v. | (Lien Foreclosure; Breach of<br>Contract; Quantum Meruit) |
| 13   TURNER CONSTRUCTION COMPANY,<br>a New York corporation; LIBERTY | NOT SUBJECT TO MANDATORY |
| 14   MUTUTAL INSURANCE COMPANY, a<br>Massachusetts corporation, | ARBITRATION |
| 15              Defendants. | Amount Claimed: $1,217,081.12<br>Fee Authority:  ORS 21.160(1)(d) |

16

17        For its Complaint, Alliance Industrial Group ("AIG") alleges as follows:

18                                        1.

19        AIG is an Oregon corporation and is properly licensed by the Oregon

20   Construction Contractors Board.

21                                        2.

22        Turner Construction Company ("Turner") is a New York corporation doing

23   business in Washington County, Oregon.  Liberty Mutual Insurance Company

24   ("Liberty") is a Massachusetts corporation and authorized to issue surety bonds in

25   the state of Oregon.

26

PAGE 1 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

1                                        3.

2          Turner entered into a contract with Intel Corporation ("Intel") (the "Contract")

3   to provide certain materials and services for a project in Washington County

4   commonly known as Intel-Ronler D1X MSB Building (the "Project") located at 2501

5   NW 229th Avenue, Hillsboro, Oregon 97124-5503 (the "Property").

6                                        4.

7          On or about December 28, 2011, Turner entered into a Master Agreement

8   with AIG.  Thereafter, Turner issued a subcontract work order dated June 5, 2013 to

9   provide labor, equipment and materials required to perform metal fabrication and

10  metal stairs for the Project (collectively, the "Subcontract") (the "Improvement").  The

11  whole of the Property is necessary for the convenient use and enjoyment of the

12  Improvement.

13                                       5.

14         At all material times, the owner or reputed owner of the property was Intel.

15                                       6.

16         Throughout the Project, AIG performed its obligations in a good and

17  workmanlike manner and in accordance with the plans, specifications, drawings and

18  other contract documents prepared by Turner and furnished to AIG by Turner.  AIG

19  performed its obligations in compliance with the Subcontract.  In connection with the

20  performance of the work, AIG was required to modify the stair system, adding

21  structural steel bracing which was specifically excluded from the Subcontract.  AIG

22  was directed to perform the work by Turner.  AIG completed its work and asserted a

23  claim for the additional costs incurred.

24                                       7.

25         AIG and Turner pursued the dispute resolution processes provided in the

26  Subcontract, but despite demand, Intel refuses to include AIG's claims in its dispute

PAGE 2 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

1    resolution proceedings with Turner.

2                        **FIRST CLAIM FOR RELIEF**

3                   **(Lien Foreclosure Against Turner and Liberty)**

4                                      8.

5         AIG realleges the allegations in paragraphs 1-7, above.

6                                      9.

7         Beginning on January 9, 2014, and ceasing on or about January 27, 2015,

8    AIG provided materials, labor, services and/ or equipment in the furtherance of the

9    construction, all of which were incorporated for the benefit of the Improvement and

10   the Property.

11                                    10.

12        The reasonable value of the materials, labor, services and/or equipment AIG

13   furnished, after deducting all just credits and offset, is $1,217,081.12 plus accrued

14   and accruing interest. Despite AIG's demand, Turner failed and refused to pay all

15   amounts due.

16                                    11.

17        AIG satisfied all obligations on its part to be performed and all conditions

18   precedent to making this claim.

19                                    12.

20        On or about February 4, 2015, within 75 days after the last day AIG provided

21   materials, labor, services, and/or equipment and incorporated such into the

22   Improvement, AIG recorded its claim of construction lien in Washington County as

23   Document No. 2015-007409 (the "Lien"). The Lien, verified by Affidavit, set forth

24   AIG's true statement of demand after deducting all just offsets and credits, the name

25   of the owners or reputed owners of the Property and Improvement, the name of the

26   person to whom AIG furnished materials, labor, services and/or equipment, and a

PAGE 3 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

1    legal description of the property to be charged with the Lien.  A true and accurate

2    copy of the Lien is attached and incorporated hereto as Exhibit 1.

3                                               13.

4            On or about February 5, 2015, within the time prescribed by statute, AIG

5    mailed by certified mail to the reputed owner of the Property, a notice stating that

6    AIG had filed the Lien against the Property for materials, labor, services and/or

7    equipment furnished for the Improvement.  By the same certified letter, AIG gave

8    notice to the reputed owner that unless the Lien was paid within ten (10) days of the

9    notice, AIG would thereafter commence to foreclose the lien.

10                                              14.

11           In response to AIG's lien, Turner filed and served a bond posted by Liberty

12   under ORS 87.076 and attached as Exhibit 2 (the "Bond"), with the effect that the

13   Property is free of AIG's lien and AIG's lien now attaches to the Bond.  The Bond

14   was recorded on March 19, 2015, as document number 2015-019080 of the

15   Washington County Records.

16                                              15.

17           AIG is entitled to the sum of $76 for filing and recording the lien, $1,845 for

18   required title reports, and $793 to file the Complaint to foreclose the lien, and the

19   sum of $1,217,081.12, together with accruing interest.

20                                              16.

21           Under ORS 87.060(5), AIG is also entitled to recover its reasonable attorney

22   fees incurred in this action.

23                              **SECOND CLAIM FOR RELIEF**

24                   **(Breach of Contract against Turner only)**

25                                              17.

26           AIG realleges the allegations in paragraphs 1-16, above.

PAGE 4 - COMPLAINT

8027.012-01163657; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

1              18.

2         AIG has performed all conditions or obligations on its part to be performed

3    under the Subcontract and the Contract, or such obligations have been waived by

4    Turner.

5              19.

6         Turner materially breached its obligations under the Subcontract by failing

7    and refusing to compensate AIG for work performed.  As a result of Turner's material

8    breaches of contract, AIG has been damaged in an amount to be proven at trial, but

9    which is not less than $1,217,081.12, together with interest at 9% per annum until

10   paid.

11                     **THIRD CLAIM FOR RELIEF**

12              **(Quantum Meruit/Reasonable Value Against Turner only)**

13              20.

14        AIG realleges the allegations in paragraphs 1-19, above.

15              21.

16        AIG provided labor, materials, services and equipment for the Project for the

17   benefit of and at the request of Turner, for which AIG has not been compensated.

18   As a matter of fairness and equity, and  in order to avoid unjust enrichment, AIG

19   should be paid the fair and reasonable value of labor, services, material and

20   equipment it furnished to Turner in connection with the Project, in amount not less

21   than $1,217,081.12.

22        WHEREFORE, AIG prays for judgment as follows:

23        1.      On its First Claim for Relief against all defendants (Construction Lien

24   Foreclosure), for a judgment against Turner and Liberty, in the amount of

25   $1,217,081.12, together with pre and post judgment interest accruing at the rate of

26   9% per annum until paid, $793 for the filing fee for its Complaint, $76 for the filing

PAGE 5 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

1    and recording of the lien, $1,845 for the required title reports, and for AIG's

2    reasonable attorney fees;

3        2.    On its Second and Third Claims for Relief, for judgment against Turner

4    in an amount to be proven at trial, but which is not less than $1,217,081.12, together

5    with interest at the rate of 9% per annum; and

6        3.    On all claims for relief, for its costs and disbursements incurred, and

7    for such other and further relief as the Court deems just and equitable.

8        DATED this 27th day of March, 2015.

9                        STEWART SOKOL & LARKIN LLC

10

11    By: _____

12        Jan D. Sokol, OSB #780873
          jdsokol@lawssl.com
13        *Attorneys for Plaintiff Alliance Industrial
          Group, Inc.*

14    Trial Attorney: Jan D. Sokol

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 6 - COMPLAINT

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

**CLAIM OF CONSTRUCTION LIEN**
**FOR AN IMPROVEMENT**

Alliance Industrial Group, Inc.
5823 S. 6th Way
Ridgefield, WA 98642
         Lien Claimant

Turner Construction Company
1200 NW Naito Parkway, Suite 300
Portland, OR 97209

         Lien Debtor

After recording return to:
Jan D Sokol
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201
(503) 221-0699

Washington County, Oregon **2015-007409**
02/04/2015 10:23:21 AM
D-LC     Cnt=1  Stn=21  RECORDS1
$40.00 $5.00 $11.00 $20.00 - Total =$76.00

0201046020150007409008087

I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.
    Richard Hobernicht, Director of Assessment and
    Taxation, Ex-Officio County Clerk

| Lien Claimant: | Alliance Industrial Group, Inc. |
|---|---|
| Lien Debtor: | Turner Construction Company |
| Reputed Owner: | Intel Corporation |
| Lien Amount: | **$1,217,081.12**, plus accrued and accruing interest, attorney fees, and title insurance. |

      The undersigned, Alliance Industrial Group, Inc. ("Claimant") claims a lien created under ORS 87.010 on the real property and improvements described in this document and further claims perfection of such lien under ORS 87.035 by the filing of this Claim of Lien for work in connection with the construction contract dated June 5, 2013 (the "Subcontract") for the construction of an improvement commonly known as the Intel-Ronler D1X MSB Building (the "Project"), including the real property that may be required for the convenient use and occupation thereof (collectively the "Property").

      1.    The address or description of the Property is: 2501 NW 229th Avenue, Hillsboro, Washington County, Oregon 97124-5503, and more particularly described as:

         See Exhibit A.

      2.    At all times material herein mentioned, Intel Corporation, the Owner and Reputed Owner of the Property, had knowledge of the work Lien Claimant performed in connection with the Project on the Property.

      3.    The name of the party by whom Lien Claimant was employed or to whom Lien Claimant furnished labor, materials or services or from whom contributions are owed is Turner Construction Company, 1200 NW Naito Parkway, Suite 300, Portland, OR 97209.

1

Exhibit 1
Page 1 of 8

4.    Lien Claimant was authorized to commence construction work on the Project and furnished labor, materials, services and/or equipment for the construction services contemplated in the Subcontract commencing on January 9, 2014. Within the meaning of ORS 87.035 and ORS 87.045, lien claimant substantially completed performance of the work on the Property giving rise to the amounts claimed in this lien on January 27, 2015.

5.    The total contract amount and reasonable value of the labor, materials, services and/or equipment are, as follows:

Original contract    $1,610,461.00
Change Orders         120,912.31
Extra Work Orders   1,161,510.02   See attached **Exhibit B**
Total contract       $2,892,883.30
Payments             <$1,675,802.21> (This includes 50% of retention)

and the unpaid amount after deducting all just credits and offsets, is: **$1,217,081.12**.

6.    Lien Claimant claims a Lien on the Property described above, extending to the improvements and to the site, and together with the land that may be required for the convenient use and occupancy of the improvement as determined by the court at the time of foreclosure of this Claim of Lien in the amount of: **$1,217,081.12**, plus accrued and accruing interest, attorney fees, and title insurance.

NOTE: Lien Claimant files this lien for amounts known and calculated to date. The actual amounts due under the Subcontract at issue likely exceed the amounts set forth in this Claim of Lien. Lien Claimant reserves its right to claim additional sums against the Lien Debtor and/or Owner or Reputed Owner of the Property, as such sums become identified, under appropriate legal theories other than under foreclosure of this lien against the land and improvement.

DATED: February 4, 2015.

ALLIANCE INDUSTRIAL GROUP, INC.

Jim Buchan, President

STATE OF OREGON      )
                     ) ss
County of Multnomah  )

I, Jim Buchan, being first duly sworn, depose and say: I am the President for lien claimant, Alliance Industrial Group, Inc., named in the foregoing instrument. I have knowledge of the facts stated herein, and all statements made in this instrument are true and correct as I verily believe and made subject to the criminal penalties for false swearing provided under ORS 162.075.

Jim Buchan

2

Title Data, Inc. CH POR10512 WN 2015007409.002

Exhibit 1
Page 2 of 8

STATE OF OREGON )
) ss
County of Multnomah )

I, Jim Buchan, being first duly sworn, depose and say: I am the President of lien claimant, Alliance Industrial Group, Inc., named in the foregoing instrument, that said instrument was signed and sealed on behalf of Alliance Industrial Group, Inc., and acknowledge said instrument to be a voluntary act and deed of said corporation.

Subscribed and sworn to before me, a Notary Public for Oregon

> OFFICIAL SEAL
> DAYNA L SIMMONS
> NOTARY PUBLIC-OREGON
> COMMISSION NO. 470130
> MY COMMISSION EXPIRES SEPTEMBER 05, 2016

_Dayna L. Simmons_
Notary Public for Oregon
My commission expires: _Sept. 5, 2016_

NOTICE TO THE OWNER of the land described in the foregoing copy of claim of lien:

Please be advised that the original Claim of Construction Lien, of which the foregoing is a true copy, was filed and recorded in the office of the recording officer of Washington County, Oregon, on February _____, 2015.

Alliance Industrial Group, Inc.
(Claimant)

By: _____

m:\wdocs\ssgmain\8027\8027.012\lien\01150020.docx

3

Title Data, Inc. CH POR10512 WN 2015007409.003

Exhibit 1
Page 3 of 8

Guarantee No. **14F0027175** Effective Date: **October 13, 2014** at 5:00 P.M.

Order No. 14F0027175

Exhibit "A"

**PARCEL I:**

Parcel 1, PARTITION PLAT NO. 1996-042, in the City of Hillsboro, Washington County, Oregon.

EXCEPTING THEREFROM that portion lying North of N.W. Evergreen Parkway.

ALSO EXCEPTING THEREFROM that portion conveyed to the Hillsboro Evergreen, LLC by Quitclaim Deed recorded April 6, 2001 as Fee No. 2001-030303.

FURTHER EXCEPTING THEREFROM those portions thereof described in Deeds to the City of Hillsboro recorded June 6, 2013 as Recording Fee No. 2013-051412; and recorded October 28, 2013 as Recording Nos. 2013-093989 and 2013-093990, Washington County Deed Records.

**PARCEL II:**

That certain property situated in George H. Ebberts Donation Land Claim No. 46, in the City of Hillsboro, County of Washington and State of Oregon, described as follows:

Commencing at the Northeast corner of said George H. Ebberts Donation Land Claim No. 46, marked by a 3-1/4 inch aluminum disk per USBT Book 7, Page 324; thence along the East line of said Donation Land Claim No. 46 South 01° 25' 15" West, a distance of 544.55 feet to the true point of beginning, being a point on the centerline of creek as it runs on the date of November 22, 1994; thence, from said point of beginning, continuing South 01° 25' 15" West along said East line a distance of 1084.50 feet; thence, departing said East line, and following the Northerly line of that certain parcel of land conveyed to E. H. Johnson by Deed recorded March 20, 1951 in Book 318 at Page 410 of Deed Records, Washington County, Oregon, North 88° 04' 33" West a distance of 1349.96 feet an iron pipe; thence along the West line of aforesaid Donation Land Claim No. 46, North 01° 35' 42" East a distance of 63.43 feet to the centerline of a creek, said point of centerline also being South 01° 35' 42" West a distance of 1565.41 feet from the Northwest corner of Donation Land Claim No. 46, being marked by a 3-1/2 inch aluminum disk per USBT Book 7 at Page 326; thence departing the Westerly line of Donation Land Claim No. 46, and following the centerline of said creek as it flows on November 22, 1994 the following eight (8) bearing and distances:

1. thence North 60° 36' 07" East a distance of 75.09 feet;

2. thence North 43° 55' 24" East a distance of 42.47 feet;

3. thence North 37° 26' 55" East a distance of 402.81 feet;

4. thence North 33° 19' 36" East a distance of 106.18 feet;

5. thence North 39° 58' 57" East a distance of 107.61 feet;

6. thence North 58° 14' 49" East a distance of 111.24 feet;

7. thence North 68° 26' 47" East a distance of 151.87 feet;

Guarantee-OTIRO
RamQuest 3/2006
Page 10 of 13

OR-01060.474573-RAM-27364-1- -14F0027175

EXHIBIT __A__ PAGE __1__ OF __3__

Exhibit 1
Page 4 of 8

Guarantee No. **14F0027175**  Effective Date: **October 13, 2014 at 5:00 P.M.**

8. thence North 65° 43' 56" East a distance of 736.10 feet to the true point of beginning.

**PARCEL III:**

TRACT A:

A parcel of land located in the West one-half of Section 27, Township 1 North, Range 2 West of the Willamette Meridian, in the City of Hillsboro, County of Washington and State of Oregon, being further described as follows:

Beginning at the Southeast corner of the Walter Pomeroy Donation Land Claim No. 39; thence South 89° 39' 24" West, along the South line of said Donation Land Claim, a distance of 1500.32 feet to a point on the Southerly extension of the East right-of-way line of NE Shute Road; thence North 00° 33' 27" West, along said extension and right-of-way line, a distance of 1950.29 feet to an iron rebar; thence North 89° 26' 33" East, a distance of 243.21 feet to an iron rebar; thence North 59° 58' 57" East, a distance of 495.43 feet to an iron rebar; thence North 30° 19' 16" East, a distance of 646.09 feet to an iron rebar; thence North 03° 34' 39" East, a distance of 210.00 feet to an iron rebar; thence North 37° 51' 40" East, a distance of 409.00 feet to an iron rebar; thence South 54° 09' 08" East, a distance of 207.79 feet to an iron rebar; thence North 89° 25' 29" East, a distance of 64.36 feet to an iron rebar; thence South 00° 34' 31" East, a distance of 38.00 feet; thence South 58° 25' 39" West a distance of 9.82 feet to an iron rebar; thence South 00° 34' 46" East, a distance of 63.44 feet to a 1 inch iron pipe; thence South 00° 35' 16" East, a distance of 3054.16 feet to the true point of beginning.

EXCEPTING THEREFROM that portion described in Dedication Deed to the public recorded August 13, 1996 as Fee No. 96-072316.

TRACT B:

A parcel of land located in the North one-quarter of Section 27 and the South half of Section 22, Township 1 North, Range 2 West of the Willamette Meridian, in the City of Hillsboro, County of Washington and the State of Oregon, being further described as follows:

Commencing at the Northwest corner of the G.H. Ebberts Donation Land Claim No. 46; thence North 89° 44' 50" East, along the North line of said Donation Land Claim, a distance of 8.41 feet; thence South 00° 34' 31" East, a distance of 63.00 feet to a point on the Southerly right-of-way line of NW Evergreen Road and the true point of beginning, said point being North 00° 34' 31" East 1.00 feet from an iron rebar; thence North 89° 44' 54" East, along said right-of-way line, a distance of 758.27 feet; thence 167.27 feet along the arc of a curve lathe right, said curve having a radius of 1,949.85 feet, central angle of 04° 54' 55", a chord bearing of South 87° 47' 39" East, and a chord length of 167.22 feet to a point of reverse curve; thence 172.94 feet along the arc of a curve to the left, said curve having a radius of 2,045.05 feet, central angle of 04° 50' 43", a chord bearing of South 87° 45' 32" East, and a chord length of 172.89 feet; thence North 89° 49' 05" East, continuing along said right-of-way line, a distance of 238.96 feet to a brass screw, said point bears South 00° 45' 13" East 78.00 feet from the Northeast corner of said Ebberts Donation Land Claim; thence along the East line of said Ebberts Donation Land Claim; thence South 00° 45' 13" East, a distance of 466.64 feet to an iron rebar; at the Northeast corner of that tract described in Document No. 94109221, Deed Records; thence along said line South 63° 33' 26" West, a distance of 736.22 feet iron rebar; thence South 66° 16' 19" West, a distance of 151.90 feet to an iron rebar; thence South 56° 04' 21" West, a distance of 111.26 feet to an iron rebar; thence South 37° 48' 29" West, a

Guarantee-OTIRO
RamQuest 3/2006
Page 11 of 13

OR-01060.474573-RAM-27364-1- -14F0027175

EXHIBIT A PAGE 2 OF 3

Title Data, Inc. CH POR10512 WN 2015007409.005

Exhibit 1
Page 5 of 8

Guarantee No. 14F0027175  Effective Date: October 13, 2014 at 5:00 P.M.

distance of 107.63 feet to an iron rebar; thence South 31° 09' 08" West, a distance of 106.20 feet to an iron rebar; thence South 35° 16' 27" West, a distance of 402.88 feet to an iron rebar; thence South 41° 44' 56" West, a distance of 42.68 feet loan iron rebar; thence South 58° 25' 39" West, a distance of 65.29 feet to a point which bears South 00° 34' 31" East 38.00 feet from an iron rebar; thence North 00° 34' 31" West, a distance of 1,497.69 feet to the true point of beginning.

**PARCEL IV:**

Parcel 1, PARTITION PLAT NO. 2002-025, in the City of Hillsboro, Washington County, Oregon.

**PARCEL V:**

A parcel of land located in the North one-half of Section 27 and the Southeast one-quarter of Section 22, Township 1 North, Range 2 West of the Willamette Meridian, in the City of Hillsboro, County of Washington and the State of Oregon, being further described as follows:

Beginning at the Southeast corner of the Walter Pomeroy Donation Land Claim No. 39; thence South 89°39'24" West, along the South line of said Donation Land Claim, a distance of 1,500.32 feet to a point on the Southerly extension of the East right-of-way line of N.E. Shute Road; thence North 00°33'27" West, along said extension and right-of-way line, a distance of 1,950.29 feet to an iron rebar and the true point of beginning; thence North 00°33'27" West, along said right-of-way line, a distance of 1,368.05 feet to a brass screw; thence 384.51 feet along the arc of a curve to the left, said curve having a radius of 385.06 feet, central angle of 57°12'51", a chord bearing of North 29°09'52" West, and a chord length of 368.73 feet; thence North 57°47'07" West, along said right-of-way line, a distance of 67.32 feet to a brass screw; thence 83.20 feet along the arc of a curve to the right to an iron rebar, said curve having a radius of 55.01 feet, central angle of 86°39'38", a chord bearing of North 14°27'18" West, and a chord length of 75.49 feet;  thence 406.75 feet along the arc of a curve to the left to an iron rebar, said curve having a radius of 1,484.45 feet, central angle of 15°41'58", a chord bearing of North 21°01'32" East, and a chord length of 405.48 feet thence North 89°22'13" East, a distance of 931.29 feet to an iron rebar; thence South 00°37'21" East, a distance of 605.56 feet to an iron rebar; thence 52.19 feet along the arc of a curve to the left to an iron rebar, said curve having a radius of 35.00 feet, central angle of 85°26'24", a chord bearing of South 43° 20'33" East, and a chord length of 47.49 feet; thence South 86°03'45" East, a distance of 18.40 feet to an iron rebar; thence 241.71 feet along the arc of a curve to the right to an iron rebar, said curve having a radius of 434.00 feet, central angle of 31°54'37", a chord bearing of South 70°06'26" East, and a chord length of 238.60 feet; thence South 54°09'08" East, a distance of 213.03 feet to an iron rebar; thence South 37°51'40" West, a distance of 409.00 feet to an iron rebar; thence South 03°34'39" West, a distance of 210.00 feet to an iron rebar,; thence South 30°19'16" West, a distance of 646.09 feet to an iron rebar thence South 59°58'57" West, a distance of 495.43 feet to an iron rebar; thence perpendicular to said East right-of-way line, South 89°26'33" West, a distance of 243.21 feet to the true point of beginning.

TOGETHER WITH the benefits of that certain Sewer and Storm Water Drainage Easement Reservation as set forth in Deed recorded March 30, 2000 as Recording Fee No. 2000-025096, Washington County Deed Records.

EXCEPTING THEREFROM that portion thereof described in Deed to the City of Hillsboro recorded January 17, 2003 as Recording Fee No. 2003-007700 Washington County Deed Records.

Title Data, Inc. CH POR10512 WN 2015007409.006

Exhibit 1
Page 6 of 8

updated on 2/2/2014

| CO# | EWO # | Description of Work | RFI | CE | Labor Hrs | Labor | Equipment | Material | Subcontract | Other | Profit | Calculated CO Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 18509 | Stair 1-7 Stuctural Stair Supports Rev3 | 0 | 0 | 4,622.78 | $367,743.37 | $10,231.96 | $412,583.00 | $0.00 | $84,801.62 | $63,380.46 | $938,740.41 |
| | 18515 | RFI 0642 - Elevator Support Angles | 642 | 0 | 0.00 | $0.00 | $0.00 | $796.09 | $0.00 | $0.00 | $91.78 | $888.87 |
| | 18527 | Elevator 1 - Productivity Premium Short Pay | 0 | 0 | 0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $959.45 | $0.00 | $959.45 |
| | 18530 | Stair Nosings | 0 | 0 | 4.00 | $318.96 | $0.00 | $20,123.00 | $0.00 | $73.55 | $2,327.39 | $22,842.90 |
| | 18531 | Elevator Anchor Attachment R1 | 1552 | 0 | 124.00 | $9,855.34 | $679.10 | $1,344.00 | $0.00 | $2,272.87 | $620.93 | $14,973.24 |
| | 18532 | Stair 2 Installation Conflicts | 0 | 0 | 266.00 | $21,102.56 | $1,433.00 | $0.00 | $0.00 | $4,866.25 | $969.30 | $28,371.11 |
| | 18533 | Stair 3 installation Conflicts | 0 | 0 | 70.00 | $5,561.80 | $0.00 | $0.00 | $0.00 | $1,287.16 | $231.75 | $7,100.71 |
| | 18534 | Stair 2 Slab Conflicts | 1516 | 0 | 52.70 | $4,181.81 | $280.80 | $295.26 | $0.00 | $964.28 | $224.52 | $5,926.47 |
| | 18538 | Wooster Stair Nosings R1 | 0 | 0 | 21.68 | $1,739.28 | $0.00 | $22,153.00 | $0.00 | $401.08 | $2,619.61 | $26,913.17 |
| | 18539 | Stair 4 Storage R1 | 0 | 0 | 13.00 | $1,041.88 | $0.00 | $0.00 | $2,820.00 | $240.26 | $325.26 | $4,427.40 |
| | 18541 | Field Install Grating Treads | 0 | 0 | 90.00 | $7,776.60 | $0.00 | -$2,587.50 | $0.00 | $1,684.92 | $297.97 | $6,541.99 |
| | 18550 | Union Rate Change as of 7/1/14 | 0 | 0 | 9,291.50 | $22,015.60 | $0.00 | $0.00 | $0.00 | $0.00 | $330.23 | $22,345.83 |
| | 18551 | Modify Stair 20 to go over Pile | 0 | 0 | 80.00 | $6,678.33 | $397.88 | $0.00 | $0.00 | $1,699.75 | $278.75 | $9,046.71 |
| | 18553 | Stair 22 & 24 rebuild | 0 | 0 | 22.00 | $1,620.42 | $0.00 | $4,278.65 | $0.00 | $182.04 | $540.29 | $6,821.40 |
| | 18554 | Stair 4 DT Shift | 0 | 0 | 192.00 | $8,603.52 | $0.00 | $0.00 | $0.00 | $568.27 | $1,659.22 | $11,031.02 |
| | | Total Lump Sum priced Changes>>>> | | | 5,658.16 | $458,060.26 | $13,292.74 | $458,987.50 | $2,820.00 | $99,963.51 | $73,897.66 | $1,106,931.67 |

| CO# | EWO # | Description of Work | RFI | CE Cost Issue | Labor Hrs | Labor | Equipment | Material | Subcontract | Profit | Calculated CO Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 18006 | Stair 3 - Assisting WPH in moving stud framing, productivity issues related to studs and drywall. | 0 | 0 | 80.50 | $6,498.25 | $484.35 | $201.25 | $0.00 | $718.39 | $7,902.24 |
| | 18007 | Order bolts for grating treads for JRStair packages. These bolts were to be provided by Canem per an earlier meeting with Nic. | 0 | 0 | 1.00 | $85.00 | $0.00 | $113.64 | $0.00 | $19.89 | $218.83 |
| | 18010C | AGC guardrail clips where those installed by Canem were installed in the wrong location. | 0 | 644 | 44.50 | $3,576.47 | $0.00 | $111.25 | $0.00 | $369.07 | $4,059.79 |
| | 18012 | Modify Toeklicks to fit ladders. | 0 | 644 | 26.00 | $2,007.24 | $0.00 | $85.00 | $0.00 | $201.72 | $2,279.46 |
| | 18017 | Coordinate stud removal at stair 4. Walls went in before AIG could start stair framing. | 0 | 0 | 119.50 | $9,648.63 | $110.04 | $298.75 | $0.00 | $1,005.74 | $11,063.15 |
| | 18019 | Modify gratings, ladders and steel elevation at concrete platform at AWN pit GL 55/G.4 | 0 | 644 | 69.00 | $5,713.19 | $0.00 | $172.50 | $0.00 | $588.57 | $6,474.26 |
| | 18020 | Cut toeklicks and gratings at roof platforms. Steel and gratings sent by Canem did not fit at AHU doors and needs to be modified. | 0 | 738 | 41.00 | $3,181.53 | $293.20 | $102.50 | $0.00 | $357.72 | $3,934.95 |
| | 18022 | Wait for EL-1 to load material. Turner arranged availability for elevator with AIG, when we showed up it wasn't available and was shut down. | 0 | 0 | 15.00 | $1,158.33 | $0.00 | $37.50 | $0.00 | $119.98 | $1,315.41 |
| | 18023 | Mobilize Guardrail to 4th Floor. No means of access provided by Turner to 4th Floor. Walls completely closed in, no exterior loading platforms, have to cart all rail across the building, shove it in on EL-1 in small quantities, get it to 4th floor, then cart it to installation area. | 0 | 0 | 52.50 | $4,179.57 | $0.00 | $131.25 | $0.00 | $431.08 | $4,741.90 |
| | 18024 | Flip angle braces at Stair 3 to miss drywall. Brace frame was designed with 1/16" clearance to the wall, AIG installed per plans and within tolerance and horizontal leg still protruded into wall. | 0 | 0 | 20.00 | $1,651.19 | $0.00 | $50.00 | $0.00 | $170.12 | $1,871.31 |
| | 18028 | Move, cut loading dock guardrail that was set to elevation and built per drawings to make way for flashing/roofing | 0 | 853 | 46.00 | $3,707.81 | $91.00 | $115.00 | $0.00 | $391.38 | $4,305.19 |

EXHIBIT 6 PAGE 1 OF 2

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 18030 | Cut bent plate on level 4 where manlift was removed. | | | | $3,217.59 | $98.00 | $85.00 | $0.00 | $340.06 | $3,740.64 |
| 18031 | Drill holes for basement hatch installation that were not performed by Cianan, provide HDI-P Anchors | 2060 | 0 | 11.00 | $848.31 | $0.00 | $63.50 | $0.00 | $91.24 | $1,003.65 |
| 18032 | Cut Wet Well Gaardral to fit around instrumentation that was not visible on plans. | 0 | 0 | 16.00 | $1,396.38 | $0.00 | $119.58 | $0.00 | $151.60 | $1,667.56 |
| | Total Time and Material Change orders | | | 578.00 | $46,873.08 | $1,076.59 | $1,667.02 | $0.00 | $4,961.67 | $54,578.35 |

GRAND TOTAL LS & T&M EWOS    6,136.16    $504,933.34    $14,279.32    $460,654.52    $2,820.00    $104,923.18    $1,161,510.02

EXHIBIT _B_ PAGE _2_ OF _2_

Exhibit 1
Page 8 of 8

Washington County, Oregon
03/19/2015 01:03:22 PM
D-LRB          Cnt=1 Stn=29 RECORDS1
$30.00 $5.00 $11.00 $20.00 - Total =$66.00

**2015-019080**

0202328820150019080060061
I, Richard Hobernicht, Director of Assessment and
Taxation and Ex-Officio County Clerk for Washington
County, Oregon, do hereby certify that the within
instrument of writing was received and recorded in the
book of records of said county.
Richard Hobernicht, Director of Assessment and
Taxation, Ex-Officio County Clerk

Document Type:      BOND FOR DISCHARGE OF LIEN, ORS 87.076
                    (Lien recorded on 02/04/15 – 2015-007409)

Person Filing Bond:      Turner Construction Company
                         1200 NW Naito Parkway, Suite 300
                         Portland, Oregon  97210

Person and address to whom the instrument is to be returned, labeled:

RETURN TO:      Turner Construction Company
                Attention: Tony Leon Guerrero
                1200 NW Naito Parkway, Suite 300
                Portland, Oregon  97210

True and actual consideration:  **Not applicable**

MAIL TAX STATEMENT TO:      **No change**

Exhibit 2
Page 1 of 6

**LIBERTY BOND NO.**    **015047350**

## MECHANICS LIEN - BOND FOR DISCHARGE

KNOW ALL MEN BY THESE PRESENTS, That we <u>Turner Construction Company,</u> as principal (hereinafter called "Principal") and <u>SEE ATTACHMENT A</u> of <u>SEE ATTACHMENT A</u>, a corporation of the state of <u>SEE ATTACHMENT A</u> and duly organized to transact surety business within the State of Oregon, as surety, are held and firmly bound unto <u>Alliance Industrial Group, Inc.</u> of <u>5823 S. 6th Way, Ridgefield, WA 98642</u> as Obligee in the penal sum of <u>One Million Eight Hundred Twenty-Five Thousand Six Hundred Twenty-One and 60/100 ($1,825,621.60)</u> Dollars, lawful money of the United States of America, for which payment well and truly to be made, we bind ourselves, our heirs, executors and assigns, jointly and severally, firmly by these presents.

WHEREAS, said Obligee has commenced an action and filed a lien in connection with the above bounden Principal, and has agreed to discharge said lien in consideration of the covenants contained herein. In the event any court of competent jurisdiction should enter an award in connection with the action, this bond will be honored to the extent of such award, plus costs, fees and interest awarded.

WHEREAS, the amount and undertaking to be executed for the purpose of discharging said lien has been fixed at the sum stated above.

This bond shall become effective on the 17th day of <u>March, 2015</u>.

NOW, THEREFORE, the condition of this obligation is such that if the above bounden principal, its successors and assigns shall well and truly pay any judgment which may be rendered, not exceeding the above stated sum, then this obligation shall be void; otherwise to remain in full force and effect.

SIGNED, SEALED AND DATED this 17th day of March, 2015.

<u>Turner Construction Company</u>
Principal
BY: _____
     Dan Kavanaugh
     Vice President/General Manager

<u>Liberty Mutual Insurance Company</u>
<u>175 Berkeley Street, Boston, MA 02116</u>
Surety
BY: _____
Mark W. Edwards, II          Attorney-in-Fact

Exhibit 2
Page 2 of 6

## CORPORATE ACKNOWLEDGMENT

Form 152

STATE OF        OREGON

COUNTY OF       MULTNOMAH

On this ____17____ day of __March_____, 201̶5̶, before me personally

came _____Dan Kavanaugh_____ to me known, who, being by me

duly sworn, did depose and say that she/he resides in___Portland, Oregon_____

that she/he is the __Vice President/General Manager_____ of the

_____Turner Construction Company_____

the corporation described in and which executed the above instrument that she/he knows

the seal of said corporation; that the seal affixed to said instrument is such corporate seal;

that it was so affixed by order of the Board of Directors of said corporation, and that

she/he signed her/his name thereto by like order.

(SEAL)

OFFICIAL SEAL
MARILYN R MORRISON
NOTARY PUBLIC · OREGON
COMMISSION NO. 476821
MY COMMISSION EXPIRES APRIL 07, 2017

Marilyn R. Morrison

Exhibit 2
Page 3 of 6

**CERTIFICATE OF ACKNOWLEDGEMENT OF ALL PURPOSE SURETY**

State of Alabama     )
                     ) ss
County of Jefferson )

On this **17**[th] day of **March, 2015** , before me appeared **Mark W. Edwards, II**, to me personally known, who, being by me duly sworn, did say that he is the Attorney-In-Fact of **Liberty Mutual Insurance Company**, the corporation named in the foregoing instrument, and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed on behalf of said corporation by authority of its Board of Directors and said **Mark W. Edwards, II** acknowledged said instrument to be the free act and deed of said corporation.

Donna Jane Austin, Notary Public, State at Large
My commission expires March 31, 2018.

Exhibit 2
Page 4 of 6

**THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.**
This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

Certificate No. 6825762

American Fire and Casualty Company
The Ohio Casualty Insurance Company

Liberty Mutual Insurance Company
West American Insurance Company

# POWER OF ATTORNEY

KNOWN ALL PERSONS BY THESE PRESENTS: That American Fire & Casualty Company and The Ohio Casualty Insurance Company are corporations duly organized under the laws of the State of New Hampshire, that Liberty Mutual Insurance Company is a corporation duly organized under the laws of the State of Massachusetts, and West American Insurance Company is a corporation duly organized under the laws of the State of Indiana (herein collectively called the "Companies"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint,   **Alisa B. Ferris; Evondia H. Woessner; Jeffrey M. Wilson; Mark W. Edwards II; Robert R. Freel; Ronald B. Giadrosich; William J. Smith**

all of the city of _Birmingham_ , state of _AL_   each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents and shall be as binding upon the Companies as if they have been duly signed by the president and attested by the secretary of the Companies in their own proper persons.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Companies and the corporate seals of the Companies have been affixed thereto this _6th_ day of _January_ , _2015_ .

American Fire and Casualty Company
The Ohio Casualty Insurance Company
Liberty Mutual Insurance Company
West American Insurance Company

By: _David M. Carey_
David M. Carey, Assistant Secretary

STATE OF PENNSYLVANIA
                                ss
COUNTY OF MONTGOMERY

On this _6th_ day of _January_ , _2015_ before me personally appeared David M. Carey, who acknowledged himself to be the Assistant Secretary of American Fire and Casualty Company, Liberty Mutual Insurance Company, The Ohio Casualty Insurance Company, and West American Insurance Company, and that he, as such, being authorized so to do, execute the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires March 28, 2017
Member, Pennsylvania Association of Notaries

By: _Teresa Pastella_
Teresa Pastella , Notary Public

This Power of Attorney is made and executed pursuant to and by authority of the following By-laws and Authorizations of American Fire and Casualty Company, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company which resolutions are now in full force and effect reading as follows:

**ARTICLE IV – OFFICERS – Section 12. Power of Attorney.** Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and execution of any such instruments and to attach thereto the seal of the Corporation. When so executed, such instruments shall be as binding as if signed by the President and attested to by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

**ARTICLE XIII – Execution of Contracts – SECTION 5. Surety Bonds and Undertakings.** Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

**Certificate of Designation** – The President of the Company, acting pursuant to the Bylaws of the Company, authorizes David M. Carey, Assistant Secretary to appoint such attorneys-in-fact as may be necessary to act on behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

**Authorization** – By unanimous consent of the Company's Board of Directors, the Company consents that facsimile or mechanically reproduced signature of any assistant secretary of the Company, wherever appearing upon a certified copy of any power of attorney issued by the Company in connection with surety bonds, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

I, Gregory W. Davenport, the undersigned, Assistant Secretary, of American Fire and Casualty Company, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy of the Power of Attorney executed by said Companies, is in full force and effect and has not been revoked.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seals of said Companies this _17th_ day of _March_ , 20 _15_ .



By: _Gregory W. Davenport_
Gregory W. Davenport, Assistant Secretary

*(vertical left margin:)* Not valid for mortgage, note, loan, letter of credit, currency rate, interest rate or residual value guarantees.

*(vertical right margin:)* To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.

LMS_12873_122013

Exhibit 2
Page 5 of 6

43 of 250



**Liberty Mutual.**
SURETY

## LIBERTY MUTUAL INSURANCE COMPANY

### FINANCIAL STATEMENT — DECEMBER 31, 2013

| Assets | | Liabilities | |
|---|---:|---|---:|
| Cash and Bank Deposits | $1,118,180,550 | Unearned Premiums | $5,940,431,054 |
| *Bonds — U.S Government | 1,888,225,943 | Reserve for Claims and Claims Expense | 17,305,063,560 |
| *Other Bonds | 12,039,490,815 | Funds Held Under Reinsurance Treaties | 212,659,311 |
| *Stocks | 9,030,962,112 | Reserve for Dividends to Policyholders | 1,226,236 |
| Real Estate | 251,301,907 | Additional Statutory Reserve | 63,348,980 |
| Agents' Balances or Uncollected Premiums | 4,781,042,931 | Reserve for Commissions, Taxes and | |
| Accrued Interest and Rents | 149,855,386 | Other Liabilities | 5,826,683,629 |
| Other Admitted Assets | 15,216,749,451 | Total | $29,349,412,770 |
| | | Special Surplus Funds $55,686,852 | |
| | | Capital Stock 11,250,000 | |
| | | Paid in Surplus 7,898,288,167 | |
| | | Unassigned Surplus 7,161,171,306 | |
| Total Admitted Assets | $44,475,809,095 | Surplus to Policyholders | 15,126,396,325 |
| | | Total Liabilities and Surplus | $44,475,809,095 |



\* Bonds are stated at amortized or investment value; Stocks at Association Market Values.
The foregoing financial information is taken from Liberty Mutual Insurance Company's financial statement filed with the state of Massachusetts Department of Insurance.

I, TIM MIKOLAJEWSKI, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the foregoing is a true, and correct statement of the Assets and Liabilities of said Corporation, as of December 31, 2013, to the best of my knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation at Seattle, Washington, this 20th day of March, 2014.

_TAMikolajewski_
_____
Assistant Secretary

S-1262LMIC/a 4/13

Exhibit 2
Page 6 of 6